UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NO. E&O 14 10873 A,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL STAR INDEMNITY COMPANY,<br><br>Defendant. | No. 2:18-cv-00508-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This case involves two insurers disagreeing over which one was responsible for providing more than $865,000 ($1 million) in fire insurance coverage to third-party Dr. Janak Mehtani ("Mehtani") after his residential care facility burned down in 2013. After Mehtani was denied $1 million in fire insurance coverage under his insurance policy with Defendant General Star Indemnity Company ("General Star" or "Defendant"), he sued Defendant and his insurance brokers Ophelia Riego and Riego Insurance and Financial Services ("Riego"). Compl., ECF No. 1, ¶¶ 5-11. Defendant settled with Mehtani for $135,000. Id., ¶ 15. Plaintiff Certain Underwriters at Lloyd's of London

Subscribing to Policy No. E&O 14 10873 A ("Underwriters" or "Plaintiff") defended Riego in that lawsuit under an errors and omissions insurance contract Riego had with Plaintiff (the "Underwriters E&O Policy") and subsequently paid Mehtani $1 million under the Underwriters E&O Policy to cover the fire damage. See id., ¶¶ 12-16.

Plaintiff claims Defendant should have paid Mehtani the full $1 million he sought under his fire insurance policy. See id., ¶¶ 20-21. As a result, Plaintiff has brought this lawsuit against Defendant alleging a claim for equitable indemnity. See Compl. Defendant has moved to dismiss with prejudice and Plaintiff opposes. Mem., ECF No. 8-1; Opp., ECF No. 10. For the reasons explained below, the Court grants Defendant's motion with prejudice.[1]

I. FACTUAL AND PROCEDURAL BACKGROUND

On or around July 10, 2013, a fire damaged a residential care facility owned by Mehtani. Compl. ¶¶ 5, 9. After Defendant denied Mehtani coverage under his $1 million fire insurance policy, Mehtani brought a bad faith insurance lawsuit in October 2015 against Defendant, Riego, and others in Mehtani v. The AHBE Group, et al., Case No. 34-2015-00185527 in Sacramento County Superior Court (the "Underlying Action"). Id., ¶ 11; Def. Req. for Judicial Notice ("RJN"), ECF No. 8-3, Exhs. 2, 3. Mehtani

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 7, 2018. In deciding this motion, the Court takes as true all well-pleaded facts in the operative complaint.

2

brought claims against Defendant for breach of the insurance contract and breach of the covenant of good faith and fair dealing. RJN, Exhs. 2, 3.

Plaintiff provided Riego a defense in the Underlying Action under the Underwriters E&O Policy. Compl., ¶ 14. Though the fire damage exceeded $1 million, Defendant paid Mehtani only $135,000 to settle his claim against it. Id., ¶ 15. After Defendant settled with Mehtani, Plaintiff paid Mehtani $1,000,000 under Riego's Underwriters E&O Policy. Id., ¶ 16. Plaintiff alleges Defendant should have been paid this amount. Id., ¶ 16. As a result, Plaintiff has brought the immediate equitable indemnity claim against Defendant to recover the more than $865,000 that it paid to Mehtani. See Compl.

## II. OPINION

### A. Analysis

Defendant argues Plaintiff's claim for equitable indemnity fails as a matter of law because Plaintiff has failed to allege facts showing General Star owed Mehtani a tort duty of care. Mem. at 3-4. The Court agrees.

The doctrine of equitable indemnity applies only to defendants who are jointly and severally liable to the underlying plaintiff. BFGG Architects Planners, Inc. v. Forcum/Mackey Construction, Inc., 119 Cal. App. 4th 848, 852 (2004) (internal citation and quotation marks omitted); Leko v. Cornerstone Building Inspection Service, 86 Cal. App. 4th 1109, 1115 (2001). Joint and several liability in the equitable indemnity context can apply to acts that are concurrent or

successive, joint or several, so long as they create a detriment caused by several actors. Id. There must be some basis for tort liability against the proposed indemnitor and it is generally based on a duty owed to the underlying plaintiff. BFGC Architects, 119 Cal. App. 4th at 852. In the absence of any such duty owed by the third-party defendant to the underlying plaintiff, the claim of defendant and third-party plaintiff for equitable indemnity fails as a matter of law. Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Grp., 143 Cal. App. 4th 1036, 1041-42, 1044.

Plaintiff argues that Mehtani's underlying bad faith claim against Defendant gives rise to tort liability and equitable indemnity applies as a result. Opp. at 5-6. Plaintiff reasons that Defendant violated the covenant of good faith and fair dealing implied in every contract, including insurance policies, and this gives rise to tort liability. Id. at 6. In support of this argument, Plaintiff cites Wilson v. 21st Century Ins. Co., 42 Cal. 4th 713, 720 (2007); Gruenberg v. Aetna Ins. Co., 9 Cal. 3d 566, 673 (1973); Chateau Chambray Homeowners Ass'n v. Associated Int'l Ins. Co., 90 Cal. App. 4th 335, 346 (2001); Brandwein v. Butler, 218 Cal. App. 4th 1485, 1514-1515 (2013); Silberg v. California Life Ins. Co., 11 Cal. 3d 452, 461-462 (1974); California Shoppers, Inc. v. Royal Globe Ins. Co., 175 Cal. App. 3d 1, 54 (1985); Archdale v. American Int'l Specialty Lines Co., 154 Cal. App. 4th 449, 465-66 n.19 (2007). Opp. at 5-6. None of these cases, however, hold that violation of the covenant of good faith and fair dealing gives rise to tort liability for the purpose of a third-party's equitable indemnity

4

claim. These cases simply do not apply.

Further, as Defendant points out, "Underwriters cite no authority (because there is none) which establishes that an insurer is subject to a claim for equitable indemnity based on an underlying claim of breach of the implied covenant." Reply, ECF No. 11, at 2. Even though Mehtani brought a claim for breach of the covenant of good faith and fair dealing against Defendant, Plaintiff lacks authority to support its claim that Defendant is consequently liable in tort for the purpose of an equitable indemnity claim. Because Plaintiff's claim for equitable indemnity relies on an unsupported legal theory, the Court finds that Plaintiff's claim may not proceed and that it must be dismissed. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562 (2007) (stating that a complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory).

B. Leave to Amend

Defendant argues the Court should grant its motion with prejudice because Plaintiff cannot state facts to show a tort duty owed by General Start to Mehtani in this case since the claims were based in contract. Mem. at 2-3, 6. Plaintiff counters that it should be given leave to amend, seeming to argue by implication that amendment would not be futile. Opp. at 8-9 (citing Federal Rule 15(a); Independent Trust Corp. v. Steward Information Services Corp., 665 F.3d 930, 943 (7th Cir. 2012) (the standard for granting leave is "generous"); National Council of La Raza v. Chegavske, 800 F.3d 1032, 1041 (9th Cir.

5

2015) (stating that district court must give at least one chance to amend absent clear showing that amendment would be futile)). But Plaintiff does not explain what facts it would plead in an amended complaint to cure any defects in its complaint. See Opp. Moreover, as explained above, none of the cases either party cites show that an underlying plaintiff's claim for breach of the covenant of good faith and fair dealing against a defendant makes that defendant liable in tort for the purpose of an equitable indemnity claim brought by a third party. Finding otherwise would seem to require this Court to create new law. It will not do so. Accordingly, the Court finds that amendment would clearly be futile and the Court need not, and does not, grant leave to amend. See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).

### III. SANCTIONS

The Court issued its Order re Filing Requirements ("Order") on March 8, 2018. ECF No. 3-2. The Order limits memoranda in support of and in opposition to motions to dismiss to fifteen pages and reply memoranda in support of motions to dismiss to five pages. The Order also states that an attorney who exceeds the page limits must pay monetary sanctions of $50.00 per page and that the Court will not consider any arguments made past the page limit. Defendant's reply memorandum exceeds the page limit by two pages. The Court has not considered any arguments made after page five of the reply brief. The Court ORDERS Defendant's counsel to pay $100.00 to the Clerk of the Court within five days of the date of this Order.

## IV. ORDER

For the reasons set forth above, the Court GRANTS Defendant's motion WITH PREJUDICE.

IT IS SO ORDERED.

Dated: September 12, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE